[S. F. No. 14798. In Bank.—April 7, 1933.]

NELLIE P. CLARK, Respondent, v. ZETTA W. SMITH, Executrix, etc., Appellant.

Sidney Rhein, Herbert Choynski and Milton J. Coghlan for Appellant.

H. J. Bias and Philip B. Beggs for Respondent.

THE COURT.—This cause was transferred to this court because of a doubt concerning the sufficiency of the testimony to support the findings of the trial court, but upon a re-examination of the record and further argument of counsel, we are convinced that the cause was properly disposed of in the opinion of the District Court of Appeal, First Appellate District, Division Two, written by Mr. Justice Spence, which opinion, as follows, is hereby adopted as the opinion of this court:

"This is an appeal by the defendant executrix from a judgment in favor of plaintiff in an action brought by plaintiff to recover upon two promissory notes executed by Ralph H. Smith, deceased, during his lifetime.

"Deceased died in 1928. Plaintiff held two promissory notes, one dated January 3, 1927, for the sum of $12,000

and the other dated January 10, 1928, for the sum of $5,000. Claims were duly presented to the defendant executrix and upon her failure to approve or reject said claims within the time provided by law, plaintiff brought this action. The trial court found in favor of plaintiff upon the issues of due execution and consideration and accordingly judgment was entered in plaintiff's favor.

■ ''Appellant first contends that the evidence is insufficient to support the findings. The attack is directed solely to the findings relating to consideration. Appellant had alleged in her answer that each of said notes was executed 'without any consideration whatever; that said Ralph H. Smith received nothing of value for the execution of said instrument and that plaintiff parted with nothing of value'. The trial court made findings that said allegations were not true and found as to each note that 'plaintiff paid unto Ralph H. Smith adequate consideration for the execution and delivery of said promissory note'. In our opinion these findings are supported by the evidence.

''On the trial respondent introduced sufficient evidence to make out a *prima facie* case and then rested. Thereupon appellant called respondent to the witness stand under section 2055 of the Code of Civil Procedure in an effort to show want of consideration for the notes. Respondent was questioned in a searching examination covering her affairs over a period of almost twenty years. It appears that respondent met the deceased in 1918 when he acted as her attorney in her divorce action. From about 1920 until a few months prior to his death in 1928 respondent and deceased lived together in the same house in Santa Cruz. The evidence shows that deceased handled her affairs during that time and that respondent had the utmost confidence in the deceased. She testified that he invested and reinvested her money without rendering an accounting; that the notes represented 'money that he had of mine, attending to my business'; and that at the time he gave her the $5,000 note he said 'he still owed me this $5,000 and it may be some more'.

''In an effort to discredit respondent's testimony counsel for appellant questioned her at length. Her bank statements running back as far as 1912 were introduced in evidence. Numerous checks passing between respondent and

deceased were admitted and also some receipts executed by said parties. Respondent was questioned regarding the estates of her deceased father, mother and husband, her divorce action, the property, real and personal, owned by her over a long period of time, including notes, mortgages, bonds and stocks. No detailed account of the financial transactions between respondent and deceased is found in the record. If respondent's testimony is true the money and property coming into the hands of deceased from time to time for her account exceeded the amount of the notes in controversy. On the other hand, the evidence showed that checks totalling several thousand dollars had passed from deceased to respondent over a period of years and that receipts for various securities had passed between the parties in 1925. It is impossible, however, to piece together the fragmentary evidence and determine just how much of respondent's money and property was held by deceased or the manner in which said money and property was invested and reinvested. The relationship between the parties was undoubtedly one of trust and confidence and this may account for the apparently informal manner in which they handled their financial affairs. Respondent claimed that the amount represented by the notes was due her from deceased and that deceased expressly stated this to be the fact at the time of executing the second note. Counsel for appellant states in his brief that the 'plaintiff and respondent is practically the only witness in this case, and upon the truth or falsity of her statements rests its merits'. This statement impliedly concedes that there is sufficient evidence to support the findings. It is true that during the lengthy examination covering the details of transactions many years before, respondent frequently answered that she did not know or could not recall. It is further true that some of the documentary evidence produced contradicted previous testimony given by respondent. We cannot say, however, that her testimony was so inherently improbable as to be wholly unworthy of belief and the question of the credibility of the witness was one for the trial court. As in our opinion the evidence was sufficient to support the findings without regard to the presumption of consideration arising from the execution of the instrument, we deem it unnecessary to discuss the

authorities cited by counsel relating to this presumption and to the burden of proof on the issue of consideration.

"Appellant further contends that the trial court erred in its rulings on evidence. After appellant's counsel had completed his examination of respondent, counsel for respondent started to examine her about the withdrawals shown by one of her bank statements which is in evidence. Appellant objected to respondent's 'refreshing her memory' from the bank statement. Counsel for respondent argued that the bank statement was being used 'not for the purpose of recollection but for the purpose of explaining what they (the withdrawals) were for'. Considerable argument followed and thereafter respondent was permitted, with the bank statement before her, to state from her 'own knowledge what checks were withdrawn from your bank account and given to Mr. Smith for the purpose of investment'. There was no error in permitting respondent to have the bank statement before her for this purpose. Counsel for appellant used the statement in his examination of respondent and he has relied upon said statement showing the deposits and withdrawals both in the trial court and on this appeal. An effort has been made to connect up the items on the statement with various transactions. It was proper to permit respondent to identify, if she could, the items which had reference to transactions with the deceased.

"Respondent has called our attention to the form of the judgment and has requested a modification. The judgment against the defendant executrix is not in the form prescribed by section 1504 of the Code of Civil Procedure then in effect. We deem it proper to modify the judgment in accordance with the request of respondent, although the point is not raised by appellant."

The judgment is modified by adding thereto the following: "It is ordered, adjudged and decreed that said defendant executrix shall pay said sums so found to be due together with interest, costs of suit and attorneys' fees all in due course of administration." As so modified, the judgment is affirmed, respondent to recover her costs on this appeal.

Rehearing denied.